UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| CHARLES SMILES, | ) | |
| Petitioner, | ) | |
| | ) | No. 2:00-cv-160 |
| -v- | ) | |
| | ) | HONORABLE PAUL L. MALONEY |
| FABIAN LAVIGNE, | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER OF TRANSFER TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at Chippewa Correctional Facility. Petitioner previously filed a habeas corpus petition in this case, which was dismissed on September 15, 2000, as being barred by the applicable statute of limitations.

Petitioner has filed a motion for relief from judgment pursuant to Federal Rule 60(b)(6), which seeks to advance substantive claims following the denial of habeas corpus relief. Such a motion is properly construed as a request to file a second and / or successive habeas corpus petition. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Because Petitioner's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 ("AEDPA"), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal

in the district court, the application must actually show the statutory standard).[1] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). A dismissal based on procedural default is "on the merits" and thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."); *Altman v. Benik*, 337 F.3d 764 (7th Cir. 2003) (prior untimely federal habeas corpus petition counts as "prior application" for purposes of limitations on second or successive petitions). Petitioner's previous habeas action was dismissed as time-barred, thus the instant petition is second or successive. The

---

[1] When the initial petition is filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.*

appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore:

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that Petitioner's pending motions for leave to proceed *in forma pauperis* and for hearing (ECF Nos. 20 and 21) are **DENIED** as moot.


Date:   January 20, 2012                     /s/ Paul L. Maloney
                                             Paul L. Maloney
                                             Chief United States District Judge